IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

THE AFFILIATED CONSTRUCTION
TRADES FOUNDATION, A DIVISION
OF THE WEST VIRGINIA STATE
BUILDING AND CONSTRUCTION TRADES
COUNCIL, AFL-CIO,

                    Plaintiff,

v.                                Civil Action No. 2:04-cv-01344

THE WEST VIRGINIA DEPARTMENT
OF TRANSPORTATION, DIVISION
OF HIGHWAYS; THE UNITED STATES
DEPARTMENT OF TRANSPORTATION;
THE WEST VIRGINIA BOARD OF
EDUCATION; THE MINGO COUNTY
REDEVELOPMENT AUTHORITY; AND
NICEWONDER CONTRACTING, INC.,

                  Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff filed a motion entitled, "Motion to Compel Defendants West Virginia Department of Transportation, Division of Highways and Nicewonder Contracting, Inc. and Motion to Amend Schedule". (Docket # 62.)  The Motion seeks to compel Defendants Nicewonder and WVDOH to fully respond to written discovery, to amend the scheduling of this matter to allow sufficient time for Plaintiff to complete discovery and prepare for trial, and seeks other relief as determined by the court.  (Docket # 62-1, 62-2, p.

4-5.)  Plaintiff filed a supplement to this Motion.  (Docket # 65.)

Defendant Nicewonder Contracting, Inc. filed a Response.  (Docket

# 75.) Defendant WVDOH and Plaintiff made satisfactory arrangements

for document production between themselves; hence, that portion of

this dispute has been resolved.   Plaintiff filed a Reply to

Nicewonder's Response.  (Docket # 77.)

     This case arises upon a Petition for Declaratory Judgment and

Injunctive Relief which alleges improprieties surrounding a

contract entered between Defendant West Virginia Department of

Transportation, Division of Highways ("WVDOH") and Defendant

Nicewonder Contracting, Inc. ("Nicewonder").  The contract provided

that Defendant Nicewonder would construct all or some portion of a

highway known as the "King Coal Highway".  Plaintiff alleges, in

essence, that the contract violates various Division of Highways

rules and regulations, that the construction inures to the private

benefit and interest of Nicewonder rather than the public, and that

competitive bidding and wage payment laws have been violated.

(Docket # 30, First Amended Petition, p. 2-7.)

     The discovery Plaintiffs propounded read as follows:

          Please produce all documents and tangible
          things, as defined by Rule 34 of the Federal
          Rules of Civil Procedure, that were:

          A.   Created or utilized in the development,
               drafting, negotiation of or in any way
               preparatory to, the King Coal Highway Red
               Jacket Section, referred to as State
               Project U330-52-30-34 and which is
               subject of the agreement between the

2

Defendants dated May 6, 2004; and

B.   Created or in any way related to the
     development, construction, coal removal
     or any other activities related to the
     King Coal Highway Red Jacket Section,
     referred to as State Project U330-52-30-
     34 and which is the subject of the
     agreement between the Defendants dated
     May 6, 2004.

(Docket # 65, p. 3,4.)

Defendant Nicewonder responded without objection on July 29, 2005:

See the attached correspondence between
Premium Energy, Inc., and the West Virginia
Department of Transportation, draft proposal
from Don Nicewonder to Randolph Epperly, and
report entitled "Incidental Coal Removal," as
well as Nicewonder's previous responses to
discovery.   In addition to the provided
materials, various permitting documents
related to this project are in Nicewonder's
possession and may be inspected and copied at
Plaintiff's expense at the offices of Dinsmore
& Shohl, LLP, Charleston, West Virginia, at a
mutually convenient time.   Nicewonder notes
that discovery is ongoing in this matter and
reserves the right to supplement its responses
to these and all other discovery requests in
accord with the Federal Rules of Civil
Procedure.

(Docket # 65, p. 4, 5.)

In a letter dated August 10, 2005, Plaintiff's counsel wrote
to Nicewonder's counsel seeking depositions of corporate
representatives.   Among the designated areas of inquiry,
Plaintiff's counsel indicated "all aspects of the negotiation and
construction of the King Coal Highway Red Jacket section that is

3

the subject of this matter", and "all aspects of the construction of the section of the highway to date." (Docket # 62, Exhibit 2, p. 1.) Defendant did not respond.

Thereafter, discovery stalled as the Petition was amended, new parties and counsel were added, and a new scheduling order was entered setting a discovery deadline of March 6, 2006. (Docket # 30, 32, 47.)

On December 13, 2005, after receiving Answers from new defendants, Plaintiff's counsel again requested dates for corporate representative depositions and asked that Defendant Nicewonder fully respond to the July 1, 2005 discovery. In particular, counsel requested documents pertaining to the entire period of construction, including *actual ongoing construction and coal removal*. Counsel specified his request for quality control documents, field test reports, inspector's daily reports, and supervisor's daily reports, for the entire period of construction. (Docket # 62, Exhibit 3.) Nicewonder did not respond, and so Plaintiff's counsel renewed his request by letter dated January 10, 2006. (Docket # 62, Exhibit 4.) Nicewonder's counsel then responded with objections that such discovery was irrelevant and unduly burdensome, and declined to supplement its response. (Docket # 62, Exhibit 5.) The parties corresponded twice more, but were unable to resolve the dispute. (Docket # 62, Exhibits 6, 7.) This motion followed.

4

Plaintiff argues that Nicewonder owes the discovery, and that having failed to file objections, has waived the right to assert them.  Nicewonder argues that Plaintiff's Motion to Compel is untimely under the local rules of court[1], which provide that motions to compel must be filed within 30 days after the discovery response is due, or such motions are waived.  LR Civ P. 3.07 (c)(1994).  Nicewonder also contends that the requests are irrelevant and beyond the scope of discovery.  (Docket # 75, p. 1-5.)

After carefully considering the pleadings and the exhibits thereto, the court concludes that Nicewonder is in error. Nicewonder failed to object to the discovery request seeking documents "created or in any way related to the development, construction, coal removal or any other activities related to the King Coal Highway Red Jacket Section, referred to as State Project U330-52-30-34 and which is the subject of the agreement between the Defendants dated May 6, 2004", or to seek clarification of that request if it were unclear.  Nicewonder then failed to respond in any manner to the August 10 letter from Plaintiff's counsel seeking depositions of corporate representatives knowledgeable in "all aspects of construction of the section of highway *to date*".

---

[1] Defendant's Motion quotes Local Rule 37.02(3)of the Local Rules for the Northern District of West Virginia.  The court will convert this argument to Local Rule 37.1(c)[formerly 3.07(c)] of the Local Rules for the Southern District, which govern this case.

Plaintiff's counsel, meanwhile, reasonably interpreted Nicewonder's discovery response to mean that Nicewonder would be forthcoming with documents pertaining to the coal activity and construction, given that (1) Nicewonder had not lodged any objections; (2) Nicewonder promised a supplement; (3) Nicewonder supplied some documents pertaining to the time period sought; (4) Nicewonder did not indicate that it would not produce corporate representatives in this area for reasons of relevancy when Plaintiff made its request in August. From this, Plaintiff reasonably concluded that discovery responses would be forthcoming as promised. It cannot be said that Plaintiff was lax in failing to file a motion to compel at that point. Plaintiff had no reason to think a motion to compel was necessary.

Nicewonder, meanwhile, failed to assert an objection when it answered written discovery. Pursuant to Rule 33(b) of the Federal Rules of Civil Procedure, Nicewonder has waived its right to object, unless it shows good cause for failing to do so. Fed.R.Civ.Pr. 33(b)(4)(2005). Nicewonder makes no such showing here. Indeed, Nicewonder's argument that it purposefully limited its responses to the time period prior to the contracts' inception is not persuasive, given that it failed to articulate that position when it answered the requests, and given that it produced several documents from the disputed time period as outlined in Plaintiff's Brief. (Docket # 77, p. 2-3.) Because Nicewonder failed to timely

6

object, and now fails to show good cause for doing so, its arguments as to the relevancy and burdensomeness of the requests will not be heard.

Accordingly, it is hereby **ORDERED** that Nicewonder shall fully answer Request No. 1 of "Plaintiff's Request for Production of Documents and Tangible Things to Defendants Dated July 1, 2005" no later than the close of business on March 3, 2006. The documents sought are apparently voluminous. It is Plaintiff's right to inspect and copy the documents at its expense; Nicewonder is not required to produce copies to Plaintiff. If thereafter Plaintiff desires depositions of Nicewonder's corporate representatives, those shall be completed no later than March 15, 2006. All other deadlines set forth in Judge Copenhaver's Scheduling Order shall remain in full force.

Plaintiff's Motion to Compel (docket # 62-1) is **GRANTED**. The court hereby takes the request for costs and attorney's fees (docket # 62-2) **UNDER ADVISEMENT** pending Nicewonder's good faith compliance with this Order.

The Clerk is instructed to transmit copies of this written opinion and order to counsel of record.

**ENTER** this 17th day of February, 2006.

Mary E. Stanley
United States Magistrate Judge

7