UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

THE AFFILIATED CONSTRUCTION TRADES
FOUNDATION, a division of the
West Virginia State Building and
Construction Trades Council, AFL-CIO

    Plaintiff

v.                                    Civil Action No.: 2:04-1344

THE WEST VIRGINIA DEPARTMENT OF
TRANSPORTATION, Division of Highways;
THE UNITED STATES DEPARTMENT OF
TRANSPORTATION; THE WEST VIRGINIA
BOARD OF EDUCATION; THE MINGO
COUNTY REDEVELOPMENT AUTHORITY;
and NICEWONDER CONTRACTING, INC.

    Defendants

**MEMORANDUM OPINION AND ORDER**

Pending before the court are the motions of defendant United States Department of Transportation ("USDOT"), filed December 14, 2005 and December 21, 2005, seeking (1) to dismiss plaintiff's first amended petition for declaratory judgment and injunctive relief and (2) relief from all discovery obligations.[1] Also pending is the motion of plaintiff, filed December 23, 2005, seeking leave to amend its petition.

---

[1] Defendant Nicewonder Contracting, Inc. has joined in USDOT's motion to dismiss.

I.

This case arises out of the construction of the King Coal Highway ("the highway"), a 93-mile portion of the I-73/74 Corridor that runs through southern West Virginia.  According to the allegations in the first amended petition, defendants Nicewonder Contracting, Inc. ("Nicewonder") and the West Virginia Department of Highways entered into an agreement with the assistance and/or approval of defendants Mingo County Redevelopment Authority and USDOT.  The agreement provides for the construction of an eleven mile stretch of the highway known as the "Red Jacket" portion and includes alterations in the construction of the highway including but not limited to the standards of construction, location of interchanges, and the route of the highway.  (Am. Pet. ¶¶ 8, 9; Def.'s Memo in Supp. Mot. at 2.)

On December 2, 2004, The Affiliated Construction Trades Foundation ("Affiliated"), a labor organization that represents construction workers, instituted this action in the Circuit Court of Kanawha County, West Virginia.[2]  Affiliated alleges the

---

[2]The petition originally named only the West Virginia Department of Highways and Nicewonder; however, it was later amended to add the United States Department of Transportation, the West Virginia Board of Education and the Mingo County

agreement was not (1) in the public interest, (2) cost effective, (3) unusual or unlikely to be repeated, (4) entered into by competitive bidding,[3] and (5) going to provide for the payment of the prevailing wages in violation of state and/or federal laws. More specifically, Count I alleges that the West Virginia Department of Highways, USDOT, and Mingo County Redevelopment Authority have breached their duty to comply with the laws of West Virginia and the United States inasmuch as they have "entered into an agreement to construct all or a portion of the KCH that is not in the public interest in that it is not cost effective nor unusual and is likely to reoccur." Count II maintains the West Virginia Department of Highways and USDOT violated their own rules and regulations in violation of the public interest and entered into the agreement for the private benefit of Nicewonder. Count III asserts that the agreement violates both West Virginia and federal law regarding the payment

---

Redevelopment Authority.

[3]For a state agency to receive federal aid for a construction contract that will be entered into without competitive bidding, it appears there must be a public interest finding in which a determination is made that the contract is cost effective. (Public Interest Finding, attached as Ex. 2 to Pl.'s Resp. to Mot. to Dismiss.); 23 C.F.R. § 635.204. Also, there must be an evaluation that demonstrates that the circumstances which justify foregoing the use of competitive bidding are "unusual and unlikely to recur." (Id.)

of prevailing wages and competitive bidding requirements.

Affiliated seeks (1) a declaration that the agreement does not comply with federal or state laws, including the Constitution of West Virginia; (2) a declaration that the agreement is void; (3) an injunction preventing defendants from implementing the agreement; and (4) fees and costs.

On December 27, 2004, this action was removed on the basis of federal question jurisdiction. On December 14, 2005, USDOT moved to dismiss this action and, on December 21, 2005, also moved for relief from discovery. On December 28, 2005, Nicewonder joined in USDOT's motion to dismiss.

## II.

A motion to dismiss pursuant to Rule 12(b)(6) should not be granted "unless it appears certain that the plaintiff can prove no set of facts which would support . . . [his] claim and would entitle . . . [him] to relief." Greenhouse v. MCG Capital Corp., 392 F.3d 650, 655 (4th Cir. 2004) (quoting Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993)). Additionally, the "complaint [is viewed] in the light most favorable to the plaintiff and . . . all well-pleaded allegations" are accepted as true. South Carolina Dept. of

Health & Environ. Control v. Commerce & Industry Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  Further, beyond the facts alleged, the court is required to "draw[] all reasonable . . . inferences from those facts in the plaintiff's favor . . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).

### III.

A. USDOT's Motion to Dismiss

In its memorandum in support of its motion to dismiss, USDOT first asserts that there is no basis for a private right of action against the agency, and the only action that could be maintained against USDOT is one under the Administrative Procedures Act ("APA"). Inasmuch further as judicial review under the APA is limited to review of "final agency action," and there has been no final agency action here, USDOT contends there is no cause of action under the APA. Finally, USDOT maintains the court lacks subject matter jurisdiction as the United States has not waived its sovereign immunity.

Affiliated responds seeking leave to amend its petition to bring a claim under the APA. Affiliated further asserts that

5

the action of USDOT, in finding that the proposed agreement (1) was "unique and unusual" and (2) should be undertaken through a "negotiated contract rather than by competitive bidding," amounts to final agency action.

In its reply, USDOT states that it does not object to Affiliated's motion to amend the petition to include a claim under the APA, but reserves the defenses set forth in its answer and motion to dismiss.  USDOT further notes that a claim under the APA is the only conceivable cause of action in this case.

Inasmuch as USDOT does not object to Affiliated's motion seeking leave to amend its petition, it is ORDERED that Affiliated's motion seeking leave to amend be, and it hereby is, granted.  Inasmuch further as Affiliated has not filed a proposed second amended petition, it is further ORDERED that Affiliated do so on or before May 8, 2006.  Additionally, it is ORDERED that USDOT's motion to dismiss be, and it hereby is, denied without prejudice.  Nothing in this order shall be construed as precluding USDOT from renewing any of the defenses asserted in its answer or motion to dismiss.

  B. <u>Nicewonder's Motion to Dismiss</u>

In its memorandum in support of its motion to dismiss,

Nicewonder joins in USDOT's motion to dismiss and further maintains that USDOT is an indispensable party to this action. Thus, Nicewonder contends that should USDOT be dismissed, the court must dismiss the entire action.

The court need only address the issue of whether USDOT is an indispensable party if USDOT is in fact dismissed from this action. In light of the court's decision to permit Affiliated to amend its petition and denying without prejudice USDOT's motion to dismiss, Nicewonder's motion may be moot. Accordingly, it is ORDERED that Nicewonder's motion to dismiss be, and it hereby is, denied without prejudice. Should USDOT be dismissed from this action, Nicewonder may renew its motion to dismiss.

C. <u>USDOT's Motion for Relief from Discovery Obligations</u>

USDOT contends it is under no obligation to participate in discovery inasmuch as judicial review of a claim under the APA is limited to the administrative record. Affiliated responds asserting in essence that it is entitled to discovery on the basis that the record is incomplete and will not permit meaningful judicial review.

Under the APA, in reviewing either an agency's failure to act or an agency's actions, "the court shall review the whole

record or those parts of it cited by a party...." 5 U.S.C. § 706. In general, judicial review of agency action pursuant to the APA is confined to the agency's administrative record. <u>Camp v. Pitts</u>, 411 U.S. 138, 142 (1973). Notwithstanding this rule, circumstances may justify expanding the record or permitting discovery. See <u>Fort Sumter Tours v. Babbitt</u>, 66 F.3d 1324, 1336 (4th Cir.1995). These circumstances include such a failure in the record to explain administrative action as to frustrate judicial review, the agency's reliance on materials or documents not included in the administrative record, or the need to supplement the record to explain or clarify technical terms or other difficult subject matter included in the record. <u>American Canoe Assn., Inc. v. U.S. Environmental Protection Agency</u>, 46 F. Supp.2d 473, 476 (E.D.Va. 1999) (internal citations omitted).

The parties in this case have yet to assemble an administrative record, and thus the court is unable to assess whether this case presents any circumstances that would justify expanding the record or permitting discovery. Accordingly, it is ORDERED that (1) USDOT's motion for relief from discovery be, and it hereby is, denied without prejudice; (2) all discovery be, and it hereby is, stayed pending further order of the court; and (3) the court's scheduling order, entered February 22, 2006, be, and

it hereby is, vacated.

The court directs the parties to file the administrative record no later than May 22, 2006. If filed electronically, a hard copy of the administrative record, if it exceeds seventy-five (75) pages in length, shall be submitted to the undersigned at the time of filing. If not filed electronically, a hard copy of the administrative record shall be delivered to the undersigned at the time of filing.

Should Affiliated wish to engage in additional discovery beyond the administrative record, a motion seeking discovery must be filed with the court setting forth the nature of the request and the legal basis for its allowance.

The Clerk is directed to forward copies of this order to all counsel of record.

DATED: April 26, 2006

John T. Copenhaver, Jr.
United States District Judge